# Case No. 1,624.

### BOND v. The SUPERB.

### [1 Wall. Jr. 355.][1]

Circuit Court, E. D. Pennsylvania.   Nov. 3, 1849.[2]

#### SHIPPING—GENERAL AVERAGE.

A removal in a port of necessity, for the purpose of repairs, of perishable fruit, which increased an incipient decay and precipitated an entire loss of the fruit, is not a matter for general average.

---

[1] [Reported by John William Wallace, Esq.]
[2] [Affirming an unreported decision of the district court.]

[Appeal from the district court of the United States for the district of Pennsylvania.]

The Superb sailed from Palermo for Philadelphia, with a cargo composed in part of tropical fruits. Bad weather compelled her to put into the port of St. Thomas, where it was found necessary for the general safety of the ship and cargo to repair her, and in order to do this, to unload and reload part of the fruit. When the fruit arrived at Philadelphia, some of it was found good for nothing; and the plaintiff contending that the loss had been caused either in whole or in part by the act of unloading, &c., which was necessary for the general welfare, made claim for general average. To what extent the fruit had been injured by the operation at St. Thomas, was not clear; but it appeared, rather, that the decay had commenced before its removal and that the motion and delay consequent upon that act, had accelerated and increased it.

This court agreeing with the district court, whence the case had come by appeal, thought the evidence insufficient to sustain the claim under any assumption of the law. But as the testimony was contradictory, the question was argued, and rested in both courts upon the law also. That part of the opinion is reported. [Decree of the district court affirmed.]

Mr. G. W. Biddle, in favour of the claim.
Mr. F. W. Hubbell, contra.

GRIER, Circuit Justice. Where goods are liable to loss or deterioration which arises solely from an inherent principle of decay or corruption, the owner cannot claim for general average, notwithstanding the delay of the vessel in the port of necessity, may have added greatly to that deterioration. And this for two reasons: (1) Because there would be no equality between the owners of perishable goods and those not perishable; and (2) because the immediate cause of damage is what the French writers term the "vice propre" of the article, and not a damage incurred or sacrifice made either intentionally or incidentally for the safety of the whole. And perhaps a third reason might be added, to which the facts of this case would seem to give weight, and which has caused the memorandum clause in policies of insurance: I mean, because such commodities carrying within themselves the seeds of deterioration, it is difficult, if not impossible, to discriminate the partial injury induced by inherent causes, from such as might arise within the risks undertaken.

It is true, that where the direct and immediate cause of the damage to perishable articles, is some act done for the general preservation, the owner would have the same right to claim for general average, as if the goods had not been in their nature perishable. Such a case is found in Maggrath v. Church, 1 Caines, 196, 214, where the damage sustained by some corn, was occasioned by water that got upon it, "in consequence of the cutting away the mast of the vessel for general preservation;" and thus the immediate cause of the damage was not the vice propre of the grain, but water which had got upon it by cutting away the mast. The circumstances of the case before us are different. No direct injury was received by the fruit in consequence of unloading and reloading it. The decay of the fruit had commenced before its removal; and assuming that its removal did accelerate and increase the natural progress of decay more than its pitching in the hold of the vessel would have done, still it could hardly be said that the removal was the proximate cause of the decay, and not the vice propre of the fruit. Yet it is the proximate cause to which the law looks. "It were infinite," says Lord Bacon, (Maxims of the Law, Regula 1), "for the law to judge the causes of causes, and their impulsion one on another. Therefore it contenteth itself with the immediate cause, and judgeth of acts by that, without looking to any further degree." Now, if the mere delay which would undoubtedly increase the damage of these perishable articles when it had once commenced, is no reason why the damage whose immediate cause is the vice propre, should not be brought into general average, we can see no reason why the removal which may have increased, not caused the injury, should have a different doctrine applied to it. But the evidence does not establish the facts, etc.

Decree affirmed.